Denise Barton, No. 5579 (dab@morrislawgroup.com)
MORRIS PICKERING & PETERSON
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Tel:  (702) 474-9400
Fax:  (702) 474-9422

Peter S. Hecker  (admitted *Pro Hac Vice*)  (peter.hecker@hellerehrman.com)
Anna S. McLean  (admitted *Pro Hac Vice*)  (anna.mclean@hellerehrman.com)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Tel:  (415) 772-6000
Fax:  (415) 772-6268

Attorneys for Defendant
THE HERTZ CORPORATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MARLENA GUERRA, individually and on behalf of all other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION,<br><br>Defendant. | Case No.: 2:07-cv-00023 PMP GWF<br><br>**DEFENDANT THE HERTZ CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. 12(b)(6))** |

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

# TABLE OF CONTENTS

                                                  **Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ...................................... 1

II. ARGUMENT ........................................................................................................ 2

    A. Plaintiff's Interpretation Of NRS § 482.3158 Is Wrong And Fails To Harmonize All Relevant Portions Of The Statute ........................................ 2

        1. Plaintiff Ignores Key Statutory Language That Explicitly Authorizes The FSC And Other Avoidable Charges. ...................... 2

        2. Plaintiff's Interpretation Would Require The Court To Regulate Price, Which The Nevada Legislature Declined To Do. ................................................................................................... 4

    B. Plaintiff Fails To State A Claim Under Nevada U.C.C.-Leases. ................. 6

        1. The FSC Is Not A "Penalty" Under Nevada U.C.C.-Leases. .......... 6

            a. An Allegation of "Penalty" Cannot Be Raised As An Affirmative Cause Of Action. .............................................. 6

            b. NRS § 104A.2504 Applies Only Upon A Breach Of Contract. ............................................................................. 8

            c. The FSC Is An Option And An Alternative Method Of Performance. .................................................................... 10

        2. The FSC Is Not An Unconscionable Contract Term Under Nevada U.C.C.-Leases. ................................................................. 10

            a. Unconscionability Cannot Be Asserted As A Cause Of Action For Damages. ........................................................ 10

            b. Plaintiff Misapprehends *Schnall* And The Relevant California Statute. ............................................................. 11

III. CONCLUSION .................................................................................................. 14

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

i

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Balderos v. City Chevrolet*,
214 F.3d 849 (7th Cir. 2000) .................................................................................. 6

*Bennett v. Behring Corp.*,
466 F. Supp. 689 (S.D. Fla. 1979) .......................................................................... 7

*Castelli v. Lien*,
910 S.W.2d 420 (Tenn. Ct. App. 1995) .................................................................. 6

*Cowin Equip. Co. v. General Motors Corp.*,
734 F.2d 1581 (11th Cir. 1984) .............................................................................. 7

*Dole v. Local Union 226*,
718 F. Supp. 1479 (D. Nev. 1989) .......................................................................... 7

*Haney v. Illinois Dev. Fin. Auth.*,
53 Ill. Ct. Cl., *5 (1998) ........................................................................................ 11

*Harris v. Capital Growth Investors*,
52 Cal. 3d 1142 (1991) ........................................................................................... 6

*Horne v. Time Warner Operations, Inc.*,
119 F. Supp. 2d 624 (S.D. Miss. 1999),
*affirmed* 228 F.3d 408 (5th Cir. 2000) ............................................................... 6, 7

*Kunert v. Mission Fin. Servs. Corp.*,
110 Cal. App. 4th 242 (2003) ................................................................................. 6

*Land America Lawyers Title v. Metro. Land Dev.*,
No. 2:05cv1388, 2006 U.S. Dist. LEXIS 58129, *21
(D. Nev. August 14, 2006) ..................................................................................... 9

*Mason v. Fakhimi*,
109 Nev. 1153 (Nev. 1993) .................................................................................... 8

*Premier Digital Access, Inc. v. Central Tel. Co.*,
360 F. Supp. 2d 1161 (D. Nev. 2005) ................................................................... 10

*Ramon v. Budget Rent-A-Car System, Inc.*,
No. 06-1905 (WJM), 2007 U.S. Dist. LEXIS 11665, *13
(D.N.J. Feb. 20, 2007) .......................................................................................... 10

*Schnall v. Hertz Corp.*,
78 Cal. App. 4th 1144 (2000) ............................................................. 5, 10, 11, 12

*Super Glue Corp. v. Avis Rent A Car Sys., Inc.*,
159 A.D.2d 68 (N.Y. Sup. Ct. 1990) ...................................................................... 6

*TCI Cablevision of Dallas, Inc. v. Owens*,
8 S.W.3d 837 (Tex. App. 2000) ............................................................................. 7

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

**Statutes**

Alabama Code
 § 7-2-302 .................................................................................................... 7
California Civil Code
 § 1936 ............................................................................................. 4, 12, 13
Nevada Revised Statute
 § 104A.2108(c) ......................................................................................... 11
Nevada Revised Statute
 § 104A.2504 ............................................................................................... 8
Nevada Revised Statute
 § 482.3158 ......................................................................................... passim
Nevada Revised Statute Ann.
 § 104A.2523(1) (2007) .............................................................................. 8
Ohio Rev. Code Ann.
 § 1302.15 .................................................................................................... 7

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Stripped of rhetoric, plaintiff's Opposition ("Opp.") is substantively hollow. As other courts have found, plaintiff's penalty and unconscionability claims are deficient as a matter of law; and her vehicle leasing law claim is based on a flawed construction of the statute, which expressly authorizes the fuel and service charge ("FSC") at issue here. As a consequence, plaintiff's claims should be dismissed without leave to amend.

First, plaintiff's argument regarding Nevada's vehicle leasing law, Nevada Revised Statute ("NRS") § 482.3158, fails to account for key statutory language providing that a refueling charge is permissible *unless* it is both *required* and imposed *as a condition of* leasing the rental car. Because the FSC is an *avoidable* refueling *option* — never required — it is plainly permitted by the statute. Plaintiff argues, without authority, that the FSC must be a "surcharge required for fuel" because the price is purportedly so high that the legislature must have meant to prohibit it. Plaintiff is wrong. Indeed, the remainder of the statute confirms that the legislature intentionally chose *not* to impose a price ceiling on the FSC, although it did so for another charge set forth in the same statute. Price regulation by the Court in the face of the legislature's clear intent to leave pricing of optional refueling charges to the market would be contrary to established legal principles.

Second, plaintiff has no logical answer to the law establishing that "penalty" is a defense, not an affirmative claim for damages. Further, her argument that the Nevada U.C.C. somehow permits her penalty claim to proceed without any breach of contract makes no sense, as the provision in question — "Liquidation of ***Damages***" — necessarily requires a breach, as the *Kochner* and *Johnson* courts found. Nevada law is in accord. Other courts faced with the same issue have held that the FSC is a *third* refueling *option*, rather than a penalty for breach of contract. Accordingly, plaintiff's penalty claim must be dismissed.

Third, plaintiff's unconscionability claim fails for similar reasons. Leaving aside

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

1

that unconscionability also cannot be asserted as an affirmative cause of action for damages, plaintiff does not dispute the relevant portions of *Schnall v. Hertz Corp.*, where the California Court of Appeal held that the FSC is optional, avoidable, and *ipso facto* not unconscionable as a matter of law. The *Kochner* and *Johnson* courts ruled likewise, in cases brought by this plaintiff's counsel. Although plaintiff argues repeatedly that the Nevada statute is somehow "unique," it is not. The statute implicated in *Schnall* served as the model for Nevada's vehicle leasing law, and is substantively identical in all relevant respects. Therefore, the holding in *Schnall* that the FSC is not unconscionable as a matter of law applies equally here.

**II.   ARGUMENT**

    **A.   Plaintiff's Interpretation Of NRS § 482.3158 Is Wrong And Fails To Harmonize All Relevant Portions Of The Statute.**

        **1.   Plaintiff Ignores Key Statutory Language That Explicitly Authorizes The FSC And Other Avoidable Charges.**

Plaintiff's interpretation of NRS § 482.3158 fails to examine and harmonize the *three* relevant subsections of the vehicle leasing statute that are germane to this case. Instead, plaintiff emphasizes the word "any" in NRS § 482.3158(2)(a) and attempts to magnify its import, to the exclusion of the remaining subsections of the statute. However, as plaintiff acknowledges, the Court must examine the plain language of the *entire* statute, as well as the structure of the statute as a whole, including its object and policy, to determine its meaning. Opp. at 5-6. As explained in Hertz's opening brief (at 4-6), the vehicle leasing statute is reasonably susceptible to only one construction; specifically, it: (1) authorizes a refueling charge when the renter chooses not to refill the tank herself; (2) prohibits only <u>mandatory</u> fuel surcharges imposed as a <u>condition</u> of the rental; and (3) permits avoidable charges, like optional damage waivers, insurance, and the FSC.

NRS § 482.3158(2)(a) provides that "[a] short-term lessor shall not charge a short term lessee, *as a condition of leasing a passenger car*, an additional fee for . . . [a]ny

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

2

surcharges *required* for fuel." (Emphasis added.) NRS § 482.3158(1)(e) allows the lessor to "impose an additional charge . . . [f]or refueling the car at the conclusion of the lease if the lessee did not return the car with as much fuel as was in the fuel tank at the beginning of the lease." Plaintiff attempts to reconcile these two subsections of the statute by announcing, without analysis, that "Hertz's may (*sic*) impose [the FSC], provided the FSC is not a surcharge." Opp. at 1 (emphasis in original). But she omits two critical parts of NRS § 482.3158(2)(a): that the additional charge can only be an impermissible "surcharge" if it is (1) *required*, and (2) charged *as a condition of* leasing the car.

That NRS § 482.3158(2)(a) only applies to *mandatory* fuel fees that *cannot be rejected or avoided* by the lessee is reinforced by NRS § 482.3158(1)(b), which provides that the lessor "may impose an additional charge . . . [f]or *any* item or a service provided if the short-term lessee *could have avoided* incurring the charge *by choosing not to obtain or utilize* the *optional* item or service." (Emphasis added.) Plaintiff essentially ignores this key provision that confirms the legislature's intent to permit optional charges in general. Nor does she offer any analysis of how the FSC could possibly be deemed to be "required." It plainly is not. Rather, it is an *optional, avoidable* service that a lessee can "choose not to obtain or utilize" by refueling the rental vehicle before returning it, or by purchasing fuel up-front (the "FPO"). Plaintiff's failure to establish (or even argue) that the FSC is *required* is dispositive.

In order to be an impermissible surcharge, the additional fee must also be charged "as a condition of leasing a passenger car." NRS § 482.3158(2)(a). As is plain from the Rental Agreement's language and as discussed in Hertz's opening brief (at 9-12), the FSC is one of three fully avoidable refueling options. The *Kochner* and *Johnson* courts likewise held that the FSC is an optional refueling alternative. Because the lessee can avoid paying the FSC by selecting one of the other two choices, it cannot be construed as

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

3

a "condition" of "leasing a passenger car."[1]

The legislative history further confirms that the statute prohibits only mandatory, unavoidable fuel charges — not ones like the FSC, which are optional and avoidable. For example, the statute was designed to address instances where companies "advertise a deceptively low rental rate and then tack on *mandatory* surcharges *such as a charge for fuel whether or not the company adds any to the tank* . . ." Hertz's Request for Judicial Notice and for Consideration of Documents in Support of Motion to Dismiss ("Motion RJN") Ex. D at AG-3 (emphasis added).[2] In sum, the FSC, like other optional charges, is explicitly authorized by the Nevada legislature, and therefore cannot serve as the basis for plaintiff's DTPA or breach of contract claims.

### 2.  Plaintiff's Interpretation Would Require The Court To Regulate Price, Which The Nevada Legislature Declined To Do.

Plaintiff also makes the dubious argument that "[i]f Hertz were to charge $100 per gallon for its FSC, that would indisputably be a surcharge and violate NRS § 482.3158(2)(a)." Opp. at 1. Plaintiff's hypothetical is hardly indisputable. Indeed, such a charge would not violate the statute unless it were both (1) required and (2) imposed as a condition of leasing the car.

Plaintiff's argument assumes, without authority or any support from the statute or legislative history, that by prohibiting "surcharge[s] required for fuel," the legislature intended to regulate the price of the FSC. Plaintiff further assumes that the legislature intended the courts to define a price threshold for the FSC. She concedes that the $3.50

---

[1] Plaintiff strains to call the FSC a "condition" of Hertz's *Rental Agreement*. Opp. at 8-9. But she confuses an optional contract provision — which applies if the renter *declines* the other two refueling options — with a condition of "leasing a passenger car." In short, there is no requirement that, in order to rent the car, a Hertz customer must select the FSC or any particular refueling option.

[2] As noted in Hertz's opening brief (at 5-6, n.2), the Nevada statute was modeled after California Civil Code § 1936; therefore, the legislative history for that statute is instructive here. *See also* Section B.2.b. below.

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

4

per gallon Hertz charged for the FPO was not a "surcharge" (Opp. at 1), but claims that over $6.00 per gallon is too high. Opp. at 1, n.1. ("It is difficult to fathom how Hertz could argue that its charge of more than $6.00 for a gallon of gasoline constitutes anything other than a 'surcharge.'"). At what price point between $3.50 and $6.00 would plaintiff have the Court determine that an explicitly authorized optional refueling fee somehow transforms into an unlawful surcharge? The very posing of the question raises troubling implications with respect to the proper role of the courts and the legislature in such matters.

A careful review of the vehicle leasing statute demonstrates that the Nevada legislature made it perfectly clear when it wished to impose a price ceiling with respect to a particular charge, and that it chose *not* to designate one for the FSC. For example, NRS § 482.3158(1)(f) presents an instance where the legislature decided to impose a price cap: "[t]he short-term lessor of a passenger car may impose an additional charge . . . [f]or any authorized driver in addition to the short-term lessee and one other authorized driver *but shall not charge more than $5 per full or partial 24-hour period for such an additional authorized driver.*" (Emphasis added.)

In this case, the legislature has elected to authorize optional refueling fees, and *declined* to impose any such price regulation. The legislature plainly determined to leave pricing of the FSC to the forum of the marketplace. The law is clear that the Court should not usurp the legislature's role in this area. *See, e.g., Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1162 (2000):

> [H]aving considered the charges imposed by rental car companies on their customers, the failure of the Legislature to explicitly limit the amounts such companies may charge for optional services -- specifically including "charges for refueling the vehicle at the conclusion of the rental transaction in the event the renter did not return the vehicle with as much fuel as was in the tank at the beginning of the rental" [citing California's vehicle leasing statute] -- as it did limit other charges such companies may charge, *can reasonably be thought to reflect a legislative intention to permit such avoidable charges to be regulated only by free market forces.*

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

5

(Emphasis added.)[3]  Indeed, other courts have refused to engage in price regulation when confronted with the type of charge at issue in this case. *See Super Glue Corp. v. Avis Rent A Car Sys., Inc.*, 159 A.D.2d 68, 71 (N.Y. Sup. Ct. 1990) ("Merely because the premiums charged by Avis for its optional refueling service are substantial does not subject the premiums to review by the courts.").

Here, the Nevada legislature has regulated charges and prices — and not done so — as it deemed fit.  Plaintiff's attempt to embroil the Court in judicially legislating the price of the FSC should be summarily rejected.[4]

### B. Plaintiff Fails To State A Claim Under Nevada U.C.C.-Leases.
#### 1. The FSC Is Not A "Penalty" Under Nevada U.C.C.-Leases.
##### a. An Allegation of "Penalty" Cannot Be Raised As An Affirmative Cause Of Action.

Hertz cited three published opinions from other courts to demonstrate that an allegation of "penalty" cannot be raised as an affirmative cause of action. *See Horne v. Time Warner Operations, Inc.*, 119 F. Supp. 2d 624, 630 (S.D. Miss. 1999), *affirmed* 228 F.3d 408 (5th Cir. 2000) ("[T]he better rule of law is that there is no affirmative cause of

---

[3] *See also Harris v. Capital Growth Investors*, 52 Cal. 3d 1142, 1168 (1991) ("In the absence of clear legislative direction, . . . we are unwilling to engage in complex economic regulation under the guise of judicial decision making.").

[4] Plaintiff asserts that "the FSC is nothing more than the type of profiteering that the consumer-protection provisions of NRS § 482.3158 were indisputably designed to prevent." Opp., n.1 at 1. But she cites no authority for this proposition, because there is none. Indeed, her statement reveals plaintiff's real complaint — her objection to any profit Hertz may derive from the FSC. *See, e.g.*, Complaint ¶ 7 (NRS § 104A.2504 "does not permit Hertz to have an independent profit center based upon the FSC."). But the law is clear that profit is an inherent part of any commercial transaction. *See, e.g., Balderos v. City Chevrolet*, 214 F.3d 849, 853 (7th Cir. 2000) (A consumer "knows, or at least has no reason to doubt, that the dealer seeks a profit on the financing as well as on the underlying sale."); *Kunert v. Mission Fin. Servs. Corp.*, 110 Cal. App. 4th 242, 265 (2003) (reasonable person expects provider to seek profit for services); *Castelli v. Lien*, 910 S.W.2d 420, 429 (Tenn. Ct. App. 1995) ("Retail merchants are entitled to make a profit and, except for the most extreme circumstances, are not required to divulge to their customers their profit margin, overhead, operating costs, or other similar information."). NRS § 482.3158 plainly does not prohibit rental car companies from making a profit.

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

action based on a claim of unlawful liquidated damages or penalty. Such a claim is merely a defense . . . Therefore the unlawful liquidated damages cause of action fails to state a claim upon which relief may be granted."); *Cowin Equip. Co. v. General Motors Corp.*, 734 F.2d 1581 (11th Cir. 1984); *Bennett v. Behring Corp.*, 466 F. Supp. 689 (S.D. Fla. 1979).[5]

Plaintiff's comment that Hertz cites no Nevada or Ninth Circuit law in support of this proposition (Opp. at 9) is irrelevant; when the courts of a circuit have not yet addressed an issue, as is the case here, law from other jurisdictions should be examined — not as binding decisional authority, but to inform the court's approach to a novel issue. *See, e.g., Dole v. Local Union 226*, 718 F. Supp. 1479, 1483-1485 (D. Nev. 1989) (analyzing opinions from various circuits to address question of first impression for court). Moreover, plaintiff's single cite in response, *TCI Cablevision of Dallas, Inc. v. Owens*, 8 S.W.3d 837 (Tex. App. 2000), is obviously also from another jurisdiction and involved neither the statute at issue here nor any similar statute. Indeed, the court's opinion addresses *class certification* and hardly presents a persuasive analysis of whether "penalty" is appropriately brought as an affirmative claim for damages.[6]

---

[5] Plaintiff omits any mention of the third published opinion (cited in Hertz's opening brief at 7), which addresses the unconscionability provisions of the Uniform Commercial Code. *Cowin Equip. Co.*, 734 F.2d at 1581 (examining Ala. Code § 7-2-302 and Ohio Rev. Code Ann. § 1302.15). The *Cowin* court held that "U.C.C. § 2-302, which concerns unconscionable contracts, does not create a cause of action for damages." *Id.* While *Cowin* and *Bennett* address unconscionability claims, the *Horne* court cited them as significant to its holding that *the better rule of law* is that penalty is also not properly asserted as an affirmative cause of action. 119 F. Supp. 2d at 630.

[6] Plaintiff claims that "the issue is whether the [FSC] provision violates law -- *not whether there is a right to an independent cause of action.* If the Rental Agreement violates Nevada law, then the contract is modified and Hertz's application of the pre-modified agreement constitutes a breach of contract." Opp. at 10 (emphasis in original). Plaintiff's argument is without merit. The Rental Agreement does not and cannot create an independent cause of action. Plaintiff must demonstrate to the Court that the FSC is unlawful; in order to do so, she has attempted to assert an affirmative claim for relief for "penalty," which she cannot do.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

### b. NRS § 104A.2504 Applies Only Upon A Breach Of Contract.

Unable to seriously argue that she breached the Rental Agreement, plaintiff attempts to save her penalty claim by asserting that no "breach" is required because "any other act or omission" under a lease can turn *any* contractual payment or fee into a liquidated damages "penalty." Opp. at 10-11. Plaintiff is wrong, for several reasons.

First, she fails to note that NRS § 104A.2504 is entitled "Liquidation of ***Damages***" and refers to "*[d]amages*" that may be payable by either party for "default, or any other act or omission." NRS § 104A.2504 (emphasis added). Thus, the very title of the section and the first word of its topic sentence show that it deals only with "*damages*"— which necessarily requires a breach of contract entitling the non-breaching party to a damages remedy.

Second, the statute is located under Part 5 of Nevada U.C.C.-Leases Article 2A, entitled "***Default.***" *Id.* (emphasis added). Nevada U.C.C.-Leases Article 2A defines "default" narrowly to include only the most significant ways that a lessee can breach a lease contract: (1) failure to pay; and (2) wrongful rejection or revocation. NRS Ann. § 104A.2523(1) (2007). This definition does not cover all of the ways a party can breach a lease contract. For example, under the Hertz's Rental Agreement, unauthorized use of the rental vehicle is considered a breach of the agreement (Rental Terms at ¶5), but would not be a "default" as defined in § 104A.2523(1). Taken together with the fact that NRS § 104A.2504 concerns the payment of "damages," it is clear that "any other act or omission" refers to acts or omissions that constitute breaches under the terms of the lease contract, but do not amount to "defaults."

Third, reading NRS § 104A.2504 to allow for payment of liquidated damages without any breach of contract would contradict black letter Nevada case law holding that liquidated damages/penalty analysis applies only upon a breach of contract. *See Mason v. Fakhimi*, 109 Nev. 1153, 1156 (Nev. 1993) ("Liquidated damages are the sum which a

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

8

party to a contract agrees to pay *if he fails to perform*, and which, having been arrived at by a good faith effort to estimate the actual damages that will probably ensue *from a breach*, is recoverable as agreed-upon damages *should a breach occur*.") (emphasis added); *cited with approval in Land America Lawyers Title v. Metro. Land Dev.*, No. 2:05cv1388, 2006 U.S. Dist. LEXIS 58129, *21 (D. Nev. August 14, 2006) (same). Plaintiff cites no authority to the contrary.

Moreover, the foregoing analysis and holding in *Mason* are consistent with those of courts from other jurisdictions that have faced the same issue. For example, the *Johnson* court explained that a breach of contract is a necessary predicate to plaintiff's U.C.C.-Leases claim:

> Under general principles of contract law, damages, including liquidated damages, are money paid to compensate a party for another party's breach. The Court has found no provision of law that permits any form of contract damages absent a breach. Thus, the fact that the statutory section in question is specifically addressed to the issue of liquidated damages is strong indication that this section only applies when there has been a breach of lease agreement. . . .
>
> [A] "default" and a "breach" are not necessarily coextensive and the terms are not interchangeable. The language in [New Mexico's U.C.C.-Leases] addressing damages for "default or any other act or omission" does not expand the application of the section to apply to damages for acts and omissions that are not otherwise a breach of contract.

*Johnson* Order, Motion RJN Ex. E at 10-11.[7] In sum, uniform case law holds that just as under the common law, liquidated damages under U.C.C.-Leases applies only where a contract has been breached, not where, as here, it was performed by the parties.

---

[7] Plaintiff suggests that the Oklahoma state court transcript submitted by Hertz "is devoid of any discussion of § 2A-504 [and] focuses purely upon common law breach of contract." Opp. at 12-13. Plaintiff omits, however, that the parties briefed and argued the issue of whether breach is required as a predicate to a U.C.C.-Leases/"penalty" claim. *See* Supplemental Request for Judicial Notice ("Supp. RJN") Ex. A at 26-27; 40-41 (March 3, 2005 Transcript of Proceedings, *Kochner v. Hertz Corp.*, No. CJ 2004 07187). The court then held that "the liquidated damages clause is of no benefit to the Plaintiff because you have to have a breach in order to take advantage of the liquidated damages law in Oklahoma" (Motion RJN Ex. F at 2), referring to Oklahoma's U.C.C., which is substantially identical to Nevada's U.C.C. in this respect.

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

9

### c. The FSC Is An Option And An Alternative Method Of Performance.

Plaintiff argues that there are only two options (the FPO and self-refueling) presented to the consumer at the time of rental, and therefore the FSC is not an "option" under the contract. Opp. at 11. However, as detailed in Hertz's opening brief (at 10-12), other courts faced with parallel allegations have held that the FSC is indeed a *third option* that customers may exercise. For example, the *Johnson* court held:

> The FSC was clearly one of three methods Plaintiff could choose to satisfy her obligation under the contract to pay for or replace the fuel that was provided in the car when she rented it. Accordingly, her choice to not pre-pay for fuel and to return the car without refueling was not a breach of her rental contract, and the FSC was her chosen method of performance rather than liquidated damages or a penalty for breach.

*Johnson* Order, Motion RJN Ex. E at 9; *see also Kochner* Transcript, Motion RJN Ex. F at 2 (rejecting plaintiff's penalty claim); *Schnall*, 78 Cal.App.4th at 1156 (holding that FSC is avoidable option); *Ramon v. Budget Rent-A-Car System, Inc.*, No. 06-1905 (WJM), 2007 U.S. Dist. LEXIS 11665, *13 (D.N.J. Feb. 20, 2007) (same re Budget's FSC-equivalent).[8] As confirmed by the holdings of these other courts, the FSC is an alternative refueling option. *See also* Hertz's opening brief at 9-10 (discussion of how plain language and structure of Rental Agreement also demonstrate that FSC is optional and alternative method of performance, which plaintiff does not attempt to refute).

### 2. The FSC Is Not An Unconscionable Contract Term Under Nevada U.C.C.-Leases.

#### a. Unconscionability Cannot Be Asserted As A Cause Of Action For Damages.

As detailed in Hertz's opening brief (at 13), unconscionability cannot be asserted as a cause of action for damages. While plaintiff quibbles that Hertz has not cited a Nevada or Ninth Circuit decision, Hertz *has* cited an opinion of *this Court — Premier Digital Access, Inc. v. Central Tel. Co.*, 360 F. Supp. 2d 1161, 1168 (D. Nev. 2005) —

---

[8] Plaintiff blurs the significance of *Super Glue Corp.*, 159 A.D.2d at 71, by raising irrelevant differences (Opp. at 13). However, *Super Glue* is directly on point with respect to this issue because the court held that Avis's FSC counterpart was an optional refueling service.

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

which examined the lack of precedent in Nevada and concluded that "this Court is aware of no case under Nevada law in which a plaintiff not seeking declaratory judgment has raised a 'cause of action' of unconscionability in its complaint." The court held that unconscionability "will be more properly raised in [plaintiff's] response to [an affirmative defense], and not as one of the causes of action for which it seeks monetary damages and injunctive relief." *Id.* Plaintiff cites no authority to the contrary.

Nor is plaintiff entitled to a "reasonable opportunity to present evidence" of alleged unconscionability under NRS § 104A.2108(c). Opp. at 14. She would be entitled to present evidence under subsection (c) only if she had alleged facts in the complaint sufficient to state an unconscionability claim in the first place — which she did not do. *See Haney v. Illinois Dev. Fin. Auth.*, 53 Ill. Ct. Cl., *5 (1998) (denying motion to present evidence under Illinois U.C.C.-Leases 2A-108(3) because plaintiff failed to plead facts that would support unconscionability claim under Illinois U.C.C. Article 2A), attached as Supp. RJN Ex. B.[9]

        **b.**    **Plaintiff Misapprehends *Schnall* And The Relevant California Statute.**

In its opening brief, Hertz cited *Schnall*, which rejected a claim that Hertz's FSC was unconscionable, explaining that "Hertz's customers have a 'meaningful choice,' because the rental agreement adequately informs renters that if they reject the fuel purchase option and return the rented car with a full tank they will pay no fuel service charge." 78 Cal. App. 4th at 1161, n.9. Plaintiff's attempts to distinguish or limit the holding of *Schnall* do not withstand scrutiny.

Plaintiff claims that "*Schnall* involved the same rental agreement as the case at bar, albeit applied to different law." Opp. at 14. She is wrong on both counts:

---

[9] Plaintiff renews her argument that Hertz's Rental Agreement should be "automatically" modified, without the need for her to assert a cause of action. Opp. at 14. Again, this makes no sense. Plaintiff needs to assert a valid, independent cause of action to challenge the FSC as she has attempted to do; the Rental Agreement cannot, in and of itself, give rise to such a claim.

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

11

(1) *Schnall* did not involve the same rental agreement as the case at bar; and (2) insofar as it treated Cal. Civ. Code § 1936, which regulates vehicle leasing, *Schnall* applied law that is virtually identical to the vehicle leasing law at issue in this case.

The disclosures criticized by the *Schnall* court in 2000 have been substantially revised, as is readily apparent from the contract before the Court on this motion. For example, according to *Schnall*, the Rental Record at issue there was a "'hard-to-read' [single-page computer printout] consisting for the most part of indecipherable abbreviations." 78 Cal. App. 4th at 1164. By contrast, plaintiff Guerra's Rental Record is a three-page document that explains the FSC and its application in plain English.

In any event, *Schnalll* held the FSC in the prior rental agreement was *not* unconscionable. And indeed, the two courts that have addressed the later version of the rental agreement, which is at issue in this case, also held that the FSC is *not* unconscionable *as a matter of law*. *Johnson* Order, Motion RJN Ex. E at 7-8 ("[A]s a matter of law, $5.99 per gallon for no more than a tank of gas in a car, even at two to three times the market price of fuel, is not so grossly unfair as to be unconscionable."); *Kochner* Hearing Transcript, RJN Ex. F at 4 ("[T]he Court can conclude, as a matter of law, that the contract itself is not unconscionable because there was a meaningful choice.").

Plaintiff then cites extensively from the *Schnall* court's opinion. Opp. at 14-15. However, the passages cited by plaintiff address the purportedly misleading nature of the *former* contract under California's unfair business practices statute, and do not address unconscionability at all. Nor, as discussed above, are the *Schnall* court's criticisms applicable to the revised contract at issue in this case.

Plaintiff also attempts to distinguish *Schnall* by claiming that "[t]he California statute referenced in *Schnall* is California Civil Code Section 1936, which has entirely different and distinct statutory language." Opp. at 14, n.6; *see also id.* at 6, n.3 ("[A]ny attempt to equate NRS § 482.3158 with California's statute would totally fail because the

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

12

language of that statute is entirely different, especially with respect to the critical 'any surcharge' provision."). Again, plaintiff is wrong.

First, as noted in Hertz's opening brief (at 5-6, n.2), the Nevada statute (enacted 1989) was modeled after Cal. Civ. Code § 1936 (original version enacted 1988). *See* Nevada State Legislature Minutes, Motion RJN Ex. B at 2-3. Second, an analysis of the relevant provisions of Cal. Civ. Code § 1936 and NRS § 482.3158 reveals *no* substantive differences between the relevant provisions of the two statutes:

| Cal. Civ. Code § 1936 | NRS § 482.3158 |
| --- | --- |
| (n)(2): [A] rental company may charge for an item or service provided in connection with a particular rental transaction if the renter could have avoided incurring the charge by choosing not to obtain or utilize the optional item or service. | (1)(b): The short-term lessor of a passenger car may impose an additional charge . . . [f]or any item or service provided if the short-term lessee could have avoided incurring the charge by choosing not to obtain or utilize the optional item or service. |
| (n)(2): Items and services for which the rental company may impose an additional charge, include . . . charges for refueling the vehicle at the conclusion of the rental transaction in the event the renter did not return the vehicle with as much fuel as was in the fuel tank at the beginning of the rental. | (1)(e): The short-term lessor of a passenger car may impose an additional charge . . . [f]or refueling the car at the conclusion of the lease if the lessee did not return the car with as much fuel as was in the fuel tank at the beginning of the lease. |
| (n)(1): A rental car company may not charge . . . any fee which must be paid by the renter as a condition of hiring or leasing the vehicle, such as . . . required fuel or airport surcharges . . . | (2)(a): A short-term lessor shall not charge a short term lessee, as a condition of leasing a passenger car, an additional fee for . . . [a]ny surcharges required for fuel. |

As is clear from the above comparison, Cal. Civ. Code § 1936 is substantively identical to NRS § 482.3158 in all respects material to this case. To that end, just as the *Schnall* court "determined that avoidable charges are lawful under California law," as conceded by plaintiff (Opp. at 14), so too are avoidable charges — like the FSC — lawful

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

13

under Nevada's vehicle leasing statute. And just as the *Schnall* court rejected plaintiff's unconscionability challenge to the FSC, so too should this Court.[10]

### III. CONCLUSION

Hertz respectfully requests that this Court grant its motion to dismiss for failure to state a claim, and dismiss plaintiff's Class Action Complaint in its entirety, with prejudice.

Dated: May 7, 2007

Respectfully submitted,

MORRIS PICKERING & PETERSON
HELLER EHRMAN LLP

By _____
Denise Barton
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Tel: (702) 474-9400
Fax: (702) 474-9422

Attorneys for Defendant
THE HERTZ CORPORATION

---

[10] Plaintiff notes that the plaintiff in New Mexico was allowed to proceed with a *procedural*, but not *substantive*, unconscionability claim. Opp. at 16, n.7. However, that plaintiff was allowed to do so based solely on the argument — set forth in her opposition to Hertz's motion to dismiss — that the FSC "is not a fully disclosed option in that much of the relevant information regarding the FSC is contained in the rental jacket which is not presented to a lessee until after the lease contract has been negotiated." *See* Hertz's opening brief at 14, n.4. Plaintiff here, though represented by the same counsel, has elected not to include such a "rental jacket presentation" theory in her complaint or Opposition. Therefore, she should not be allowed to amend her complaint or proceed with any such theory here.

MORRIS PICKERING
& PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422

14

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of MORRIS PICKERING & PETERSON and that the following document was served via electronic service on the date and to the addressee(s) shown below: **DEFENDANT THE HERTZ CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. 12(b)(6)**

Richard L. Kellner
Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California  90017

I further certify that I am familiar with the firm's practice of collection and processing documents for mailing; that in accordance therewith, I caused the above-named document to be deposited with the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first class postage prepaid, on the date and to the addressees shown below:

Bruce Mayfield
c/o Kabateck Brown Kellner LLP
1955 Village Center Drive
Las Vegas, Nevada  89134

Bruce Mayfield
Feinberg, Grant, Mayfield, Kaneda & Litt, LLP
1955 Village Center Circle
Las Vegas, Nevada  89134

Richard L. Kellner
Kabateck Brown Kellner LLP
644 South Figueroa Street
Los Angeles, California  90017

Austin Tighe
Feazell & Tighe, LLP
6300 Bridgepoint Parkway
Bridgepoint 1, Suite 220
Austin, Texas  78730

Austin Tighe
Feazell & Tighe, LLP
6300 Bridgepoint 1
Suite 220
Austin, Texas  78730

DATED this 7th day of May, 2007.

By: /s/ Brenda Walden

15

MORRIS PICKERING & PETERSON
ATTORNEYS AT LAW
900 BANK OF AMERICA PLAZA
300 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101
702/474-9400
FAX 702/474-9422