UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARLENA GUERRA,

        Plaintiff,

v.

HERTZ CORPORATION,

        Defendant.

2:07-CV-00023-PMP-GWF

<u>ORDER</u>

        Presently before the Court is Defendant The Hertz Corporation's Motion to Dismiss Plaintiff's Complaint (Doc. #4), filed on March 16, 2007.  Plaintiff filed an Opposition (Doc. #16) on April 23, 2007.  Defendant filed a Reply (Doc. #18) on May 7, 2007.

## I. BACKGROUND

        In October 2006, Plaintiff leased a car from Defendant at its McCarran Airport location in Las Vegas, Nevada.  (Compl. [Doc. #1] at 4.)  Plaintiff and Defendant entered into a standard form car rental agreement.  (<u>Id.</u>)  The car rental agreement contains the following terms regarding fueling the car:

> 8.  <u>REFUELING OPTIONS</u>
> Most Hertz rentals come with a full tank of gas, but that is not always the case.  There are three refueling options:
>     (1) IF YOU DO NOT PURCHASE FUEL FROM HERTZ AT THE BEGINNING OF YOUR RENTAL AND YOU RETURN THE CAR WITH AT LEAST AS MUCH FUEL AS WAS IN IT WHEN YOU RECEIVED IT, You will not pay Hertz a charge for fuel.
>     (2) IF YOU DO NOT PURCHASE FUEL FROM HERTZ AT THE BEGINNING OF YOUR RENTAL AND YOU RETURN THE

1    CAR WITH LESS FUEL THAN WAS IN IT WHEN YOU
     RECEIVED IT, Hertz will charge You a Fuel and Service Charge at
2    the applicable per-mile or per-gallon rate specified on the Rental
     Record.
3        . . .
         (3)  IF YOU CHOOSE TO PURCHASE FUEL FROM HERTZ
4    AT THE BEGINNING OF YOUR RENTAL BY SELECTING THE
     FUEL PURCHASE OPTION, You will be charged as shown on the
5    Rental Record for that purchase.  IF YOU CHOOSE THIS OPTION,
     YOU WILL NOT INCUR AN ADDITIONAL FUEL AND SERVICE
6    CHARGE, BUT YOU WILL NOT RECEIVE ANY CREDIT FOR
     FUEL LEFT IN THE TANK AT THE TIME OF RETURN. . . .

7
     . . . THE PER GALLON COST OF THE FUEL PURCHASE OPTION
8    WILL ALWAYS BE LOWER THAN THE FUEL AND SERVICE
     CHARGE.  BUT IF YOU ELECT THE FUEL PURCHASE OPTION
9    YOU WILL NOT RECEIVE CREDIT FOR FUEL LEFT IN THE
     TANK AT THE TIME OF RETURN.  THE COST OF REFUELING
10   THE CAR YOURSELF AT A LOCAL SERVICE STATION WILL
     GENERALLY BE LOWER THAN THE FUEL AND SERVICE
11   CHARGE OR THE FUEL PURCHASE OPTION.  HOWEVER, THE
     FUEL AND SERVICE CHARGE AND THE FUEL PURCHASE
12   OPTION ALLOW FOR THE CONVENIENCE OF NOT HAVING
     TO STOP AND REFUEL THE CAR PRIOR TO RETURN.

13

14   (Compl., Ex. A.)

15        Plaintiff declined to purchase fuel from Defendant at the beginning of the rental

16   under the pre-paid fuel option and returned the vehicle without refueling at a local gas

17   station.  (Id. at 5.)  As a result, Defendant charged Plaintiff the Fuel and Service Charge.

18   (Id., Ex. A.)

19        Plaintiff filed a class action in this Court alleging the Fuel and Service Charge is

20   a surcharge for fuel and is therefore void under Nevada law.  Plaintiff identifies the

21   purported class as "All individuals and business entities who rented a vehicle from Hertz at

22   its McCarran Airport facility in Las Vegas, Nevada and were charged a Fuel Service

23   Charge on or after January 9, 2002," excluding Nevada state judiciary members,

24   Defendant's employees, and their immediate families.  (Id. at 6.)  Plaintiff asserts

25   jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332(d), alleging the amount in

26   controversy exceeds $5,000,000 and at least one member of the putative class is a citizen of

2

1  a different state than Defendant.  (<u>Id.</u> at 3.)  Defendant moves to dismiss Plaintiff's

2  Complaint for failure to state a claim upon which relief may be granted.

3  **II. JURISDICTION**

4        A federal district court is obligated to ensure it has jurisdiction over an action,

5  and once it determines it lacks jurisdiction, it has no further power to act.  <u>Steel Co. v.</u>

6  <u>Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot

7  proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to

8  exist, the only function remaining to the court is that of announcing the fact and dismissing

9  the cause.") (quotation omitted).  Consequently, the Court must ensure it has jurisdiction

10 before it rules on Defendant's motion to dismiss.

11        Pursuant to 28 U.S.C. § 1332(d)(2)(A), this Court has original jurisdiction over a

12 class action in which any class member is a citizen of a state different from any defendant,

13 and in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive

14 of interest and costs."  The Court generally determines the amount in controversy from the

15 face of the pleadings, and the amount the plaintiff claims controls so long as the plaintiff

16 makes the claim in good faith.  <u>Crum v. Circus Circus Enters.</u>, 231 F.3d 1129, 1131 (9th

17 Cir. 2000).  "To justify dismissal, it must appear to a legal certainty that the claim is really

18 for less than the jurisdictional amount."  <u>Id.</u> (quotations omitted).

19        The Complaint alleges Plaintiff is a citizen of Texas and Defendant is a citizen of

20 Delaware and New Jersey.  (Compl. at 3.)  Accordingly, the diversity of citizenship

21 requirement is satisfied.  The Complaint alleges damages in excess of $5,000,000 for a class

22 of all individuals and businesses who rented a vehicle from Defendant at McCarran Airport

23 in Las Vegas, Nevada and who paid a Fuel and Service Charge since January 2002.  (<u>Id.</u> at

24 3, 6.)  The Complaint alleges the Fuel and Service Charge is a "profit center" for

25 Defendant.  (<u>Id.</u> at 9.)  Defendant has not contended that Plaintiff's damages claim of over

26 $5,000,000 is not in good faith, and Defendant would be in a position to know whether Fuel

3

1   and Service Charges at the McCarran Airport facility over the past five years have exceeded

2   $5,000,000.  The Court cannot say to a legal certainty that Plaintiff's class claims do not

3   exceed $5,000,000.  The Court therefore will exercise jurisdiction over this matter.

4   **III.  MOTION TO DISMISS**

5          Defendant moves to dismiss Plaintiff's claims, arguing Plaintiff fails to state a

6   claim for deceptive trade practices or breach of contract because Nevada law authorizes the

7   Fuel and Service Charge.  Additionally, Defendant moves to dismiss Plaintiff's claim under

8   the Nevada Uniform Commercial Code ("Nevada UCC") regarding leases because Plaintiff

9   cannot assert an affirmative cause of action based on the defenses of unconscionability or

10  penalty.  Finally, Defendant argues that even if Plaintiff could bring a claim under the

11  Nevada UCC, the Fuel and Service Charge is not a penalty and it is not unconscionable

12  because it is an optional method of performance under the rental agreement.

13         Plaintiff responds that while Nevada law permits Defendant to charge for

14  refueling, Nevada law prohibits a surcharge on fuel.  Plaintiff argues that because

15  Defendant charges over two times its cost to refuel, the Fuel and Service Charge is an

16  impermissible surcharge.  Plaintiff contends that because the surcharge is void under

17  Nevada law, Defendant committed a deceptive trade practice and breached the rental

18  agreement by charging Plaintiff for refueling.  Plaintiff also argues Nevada would recognize

19  affirmative causes of action for a penalty and unconscionability.  Finally, Plaintiff contends

20  the Fuel and Service Charge is an unconscioanble penalty, not a refueling option.

21              **A.  Deceptive Trade Practices/Breach of Contract**

22         Count one of the Complaint alleges the Fuel and Service Charge violates Nevada

23  consumer protection laws because Nevada law specifically prohibits Defendant from

24  charging a surcharge for fuel.  Count three of the Complaint alleges that pursuant to the

25  rental agreement, if any of the contract's terms violate the law of the state in which the car

26  is rented, that provision is modified to conform with the state's law.  According to the

4

1    Complaint, because the Fuel and Service Charge is contrary to Nevada law, the rental

2    agreement is modified to delete that provision.  The Complaint thus alleges Defendant

3    breached the rental agreement by charging the Fuel and Service Charge.

4            Pursuant to Nevada Revised Statute § 482.3158(1):

5        The short-term lessor of a passenger car may impose an additional
         charge:

6        . . .
         (b) For any item or a service provided if the short-term lessee could

7        have avoided incurring the charge by choosing not to obtain or utilize
         the optional item or service.

8        . . .
         (e) For refueling the car at the conclusion of the lease if the lessee did

9        not return the car with as much fuel as was in the fuel tank at the
         beginning of the lease.

10

11   However, a short-term lessor "shall not charge a short-term lessee, as a condition of leasing

12   a passenger car, an additional fee for . . . [a]ny surcharges required for fuel."  Nev. Rev.

13   Stat. § 482.3158(2)(a).

14           Nevada has not addressed the issues in this case or construed § 482.3158.  Where

15   a state has not addressed a particular issue, a federal court must use its best judgment to

16   predict how the highest state court would resolve it "using intermediate appellate court

17   decisions, decisions from other jurisdictions, statutes, treatises, and restatements as

18   guidance."  Strother v. S. Cal. Permanente Med. Group, 79 F.3d 859, 865 (9th Cir. 1996)

19   (quotation omitted); Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc., 306 F.3d 806,

20   812 (9th Cir. 2002).  In making that prediction, federal courts look to existing state law

21   without predicting potential changes in that law.  Orkin v. Taylor, 487 F.3d 734, 741 (9th

22   Cir. 2007).  Although federal courts should not predict changes in a state's law, they "are

23   not precluded from affording relief simply because neither the state Supreme Court nor the

24   state legislature has enunciated a clear rule governing a particular type of controversy."

25   Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd., 880 F.2d 176, 186 (9th Cir. 1989) (quotation

26   omitted).  The Court looks to Nevada rules of statutory construction to determine the

1    meaning of a Nevada statute.  In re First T.D. & Inv., Inc., 253 F.3d 520, 527 (9th Cir.

2    2001).

3           Under Nevada law, a court should construe a statute to give effect to the

4    legislature's intent.  Richardson Constr., Inc. v. Clark County Sch. Dist., 156 P.3d 21, 23

5    (Nev. 2007).  If the statute's plain language is unambiguous, that language controls.  Id.  If

6    the statute's language is ambiguous, the Court "must examine the statute in the context of

7    the entire statutory scheme, reason, and public policy to effect a construction that reflects

8    the Legislature's intent."  Id.

9           Here, the Court need look no further than § 482.3158's plain and unambiguous

10   language.  Reading the provisions as a whole, it is clear a rental car lessor may impose an

11   additional charge for any optional service the lessee can avoid by choosing not to use the

12   optional service and also may impose an additional charge for refueling the car if the lessee

13   returns the car at the end of the lease with less fuel in the tank than when the lessee rented

14   it.  Although the statute permits these additional charges, the statute specifically prohibits a

15   lessor from imposing as a condition of renting a vehicle a surcharge required for fuel.

16          The Fuel and Service Charge is not void under these provisions.  First, Nevada

17   law permits a lessor to charge for an optional service the lessee may avoid.  Under the rental

18   agreement, Plaintiff could have avoided paying the Fuel and Service Charge either by

19   paying for the fuel in the tank at the beginning of the lease or by refueling the car herself

20   before returning the car at the end of the lease.  Consequently, the Fuel and Service Charge

21   is an optional, avoidable charge that Nevada law permits Defendant to charge.  Second,

22   Nevada law specifically permits a lessor to charge the lessee for returning the car at the end

23   of the lease with less fuel than was in the tank at the beginning of the lease.  The Complaint

24   concedes Plaintiff returned the vehicle with less fuel than when she rented it.

25   ///

26   ///

1        Finally, the Fuel and Service Charge is not a condition of renting the vehicle, it is

2   a consequence of choosing not to pre-pay for fuel or refuel at a local gas station before

3   returning the vehicle.  A lessee can avoid the Fuel and Service Charge by these two

4   alternate means of refueling.  Therefore, a lessee is not required, as a condition of renting

5   the vehicle, to pay the Fuel and Service Charge.  Had Plaintiff paid for the fuel at the

6   beginning of the lease or refueled at a local gas station before returning the car, she would

7   not have been required to pay the Fuel and Service Charge.  Because Defendant did not

8   require Plaintiff to pay the Fuel and Service Charge as a condition of renting the vehicle,

9   the charge is not void under Nevada law.

10        Because the Fuel and Service Charge does not violate Nevada law, Plaintiff's

11   deceptive trade practices claim fails to state a claim for which relief may be granted.

12   Additionally, Plaintiff's breach of contract claim rests on the argument that the Fuel and

13   Service Charge is void under Nevada law, and thus not a valid contract term.  Because the

14   term does not violate Nevada law, it was a valid, enforceable contract term and Defendant

15   did not breach the contract by charging and collecting the Fuel and Service Charge.  The

16   Court therefore will grant Defendant's motion to dismiss count one (deceptive trade

17   practice) and count three (breach of contract) of Plaintiff's Complaint.

18        **B.  Nevada UCC**

19        Count two of Plaintiff's Complaint alleges that the lease created a bailment

20   relationship and by returning the car with less fuel than when she rented it, Plaintiff

21   breached the rental agreement by returning the car in an unreasonable condition.  Plaintiff

22   alleges the Fuel and Service Charge is as much as three times more per gallon than the pre-

23   paid fuel option, and therefore is an unconscionable contract term and an unreasonable

24   liquidated damages penalty for Plaintiff's breach.  Plaintiff alleges the Fuel and Service

25   Charge therefore violates Nevada UCC provisions for leases.

26   ///

1                                    1.  Unconscionable Terms

Assuming without deciding that Nevada would recognize an independent cause of action for damages arising from an unconscionable contract provision, the Fuel and Service Charge is not unconscionable.[1]  Under Nevada law, a court may decline to enforce an unconscionable contract provision.  Nev. Rev. Stat. § 104A.2108(1) (permitting a court to refuse to enforce unconscionable lease contracts or terms therein); D.R. Horton, Inc. v. Green, 96 P.3d 1159, 1162-63 (Nev. 2004).  To be unenforceable, the contract term generally must be both procedurally and substantively unconscionable.  D.R. Horton, Inc., 96 P.3d at 1162.  "A clause is procedurally unconscionable when a party lacks a meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon a review of the contract."  Id.  Procedural unconscionability usually results from "the use of fine print or complicated, incomplete, or misleading language that fails to inform a reasonable person of the contractual language's consequences."  Id.  A contract is substantively unconscionable when the contract's terms and the surrounding circumstances at the time of execution are "so one-sided as to oppress or unfairly surprise an innocent party."  Bill Stremmel Motors, Inc. v. IDS Leasing Corp., 514 P.2d 654, 657 (Nev. 1973).

The Complaint fails to allege the rental agreement is procedurally unconscionable.  The Complaint contains no allegations that the rental agreement fails to disclose the three refueling options, that it uses fine print or misleading language, or is so

---

[1]  This Court previously has stated it located no Nevada case where a plaintiff not seeking declaratory relief raised a cause of action for "unconscionability" in the complaint.  Premiere Digital Access, Inc. v. Cent. Tel. Co., 360 F. Supp. 2d 1161, 1168 (D. Nev. 2005).  Rather, a plaintiff claiming a contract term is unconscionable usually must raise the issue as an affirmative defense to enforcement of the contract term or as a request for declaratory relief as to whether the term is enforceable.  Id.  Plaintiff does not identify any Nevada cases recognizing a cause of action for damages for an unconscionable contract term.  Because the Court concludes the Fuel and Service Charge is not unconscionable, the Court need not decide whether Nevada would permit a plaintiff to bring an independent cause of action for damages for an unconscionable contract term.

complicated that it fails to inform a reasonable person of the contractual language's consequences.[2]  Consequently, Plaintiff has failed to plead the Fuel and Service Charge is procedurally unconscionable.

The Fuel and Service Charge also is not substantively unconscionable.  The rental agreement is not so one-sided as to oppress or unfairly surprise the lessee.  The rental agreement discloses the three refueling options in capital letters and the customer knows how to avoid the fee entirely.  Charging an avoidable, optional fee when the customer elects to incur that expense is not unconscionable.  See Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1161 n.9 (Cal. App. 1 Dist. 2000) (holding similar fuel service charge contract provisions were not unconscionable because lessee had a meaningful choice of refueling before returning the car to avoid the fuel charge).

2.  Penalty

Nevada law permits parties to contractually specify liquidated damages in a lease agreement "payable by either party for default, or any other act or omission," so long as the damages amount is reasonable in light of the anticipated harm "caused by the default or other act or omission."  Nev. Rev. Stat. § 104A.2504(1).  Defendant argues § 104A.2504 applies only in the event of a breach or default, and the Fuel and Service Charge is an optional method of performance, not a liquidated damages provision.  Plaintiff responds by arguing she breached the rental agreement by returning the car without refueling, and the Fuel and Service Charge is void as an unreasonable penalty.  Plaintiff alternatively argues

---

[2]  In her opposition, Plaintiff cites to portions of Schnall v. Hertz Corp., 78 Cal. App. 4th 1144 (Cal. App. 1 Dist. 2000) in which that court permitted a procedural unconscionability claim to proceed based on allegations the rental agreement and rental record did not clearly and fully disclose the conduct that would result in a fuel service charge and the amount per gallon of the charge.  Plaintiff suggests Schnall supports her claim for procedural unconscionability.  However, Plaintiff's Complaint does not allege any deficiencies regarding the timing or manner of Defendant's disclosure of how a customer would incur a Fuel and Service Charge or the price per gallon or per mile for the Fuel and Service Charge.

that because § 104A.2504 refers to other acts or omissions, she need not have defaulted or

breached the rental agreement for § 104A.2504 to apply.

Although Nevada law permits parties to contractually agree to liquidated

damages provisions, such provisions may become unenforceable penalties.  Mason v.

Fakhimi, 865 P.2d 333, 335 (Nev. 1993).  A penalty:

> "is a sum inserted in a contract, not as the measure of compensation for
> its breach, but rather as a punishment for default, or by way of security
> for actual damages which may be sustained by reason of
> non-performance, and it involves the idea of punishment. . . .  [The]
> distinction between a penalty and liquidated damages is that a penalty
> is for the purpose of securing performance, while liquidated damages
> is the sum to be paid in the event of non-performance."

Id. (quoting 22 Am. Jur. 2d Damages § 684 (1980)).  To prove a provision is an

unenforceable penalty, the challenging party must show "the liquidated damages are

disproportionate to the actual damages sustained by the injured party."  Id.

The Fuel and Service Charge is not a penalty or a liquidated damages provision.

Rather, it is an optional means of performance under the contract.  Under the rental

agreement, the lessee has three options for refueling the vehicle.  The lessee may pre-

purchase fuel, refuel at a local gas station prior to returning the car, or opt to decline pre-

payment or refueling at a local gas station and pay the Fuel and Service Charge.  A lessee

does not default or breach the rental agreement by returning the car without refueling.

Rather, the lessee opts to pay for the convenience of returning the vehicle without having to

stop to refuel.  Because the lessee does not breach or default under the agreement by opting

for the Fuel and Service Charge, the Fuel and Service charge is neither a liquidated

damages provision nor an unenforceable penalty.

The Court rejects Plaintiff's contention that a party to a contract need not breach

or default in some manner, but only must engage in some "other act or omission" for

§ 104A.2504 to apply.  First, § 104A.2504 is entitled "Liquidation of damages" and is

contained within the statutory part entitled "Default."  The word damages infers a breach or

default of some kind for which the non-breaching party is entitled to compensation.  <u>See</u> <u>Mason</u>, 865 P.2d at 335 ("Liquidated damages are the sum which a party to a contract agrees to pay if he fails to perform, and which, having been arrived at by a good faith effort to estimate the actual damages that will probably ensue from a breach, is recoverable as agreed-upon damages should a breach occur.").  Second, § 104A.2504 refers to a "default, or any other act or omission."  Under Nevada rules of statutory construction, "where a general term in a statute follows specific words of a like nature, the general term takes its meaning from the specific words."  <u>State, Dep't of Motor Vehicles & Pub. Safety v. Brown</u>, 762 P.2d 882, 883 (Nev. 1988).  The terms "any other act or omission" take their meaning from the more specific term of default, and thus require some form of breach, default, or non-performance.  Finally, Plaintiff's reading of the statute would render payment for "any other act or omission" under a contract a liquidated damages provision subject to review for reasonableness in the courts.  Such a reading greatly expands § 104A.2504 beyond its limited application to liquidated damages provisions and improperly would inject the courts into reviewing contractually agreed payment amounts for reasonableness.  Because the Fuel and Service Charge is not an unenforceable penalty, the Court will grant Defendant's motion and dismiss count two for failure to state a claim upon which relief may be granted.

**IV.  CONCLUSION**

IT IS THEREFORE ORDERED that Defendant The Hertz Corporation's Motion to Dismiss Plaintiff's Complaint (Doc. #4) is hereby GRANTED.  Plaintiff's Complaint is hereby DISMISSED with prejudice.

DATED:  July 24, 2007.

_____
PHILIP M. PRO
United States District Judge

11